IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DWIGHT L. ALMOND, III and<br>KEVIN C. WEEMS,<br><br>           Plaintiffs,<br><br>   v.<br><br>UNIFIED SCHOOL DISTRICT 501,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 07-4064-JAR<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO
PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO
DEFENDANT'S MOTION TO COMPEL RULE 26(a) DISCLOSURES**

Defendant Unified School District No. 501 ("USD 501"), by and through its counsel, Patricia E. Riley, submits the following response to Plaintiffs' Motion for Enlargement of Time (Doc. 17) in which to respond to Defendant's Motion to Compel Rule 26(a) Disclosures:

1.  Plaintiffs' Motion for Enlargement of Time was filed out of time. USD 501 filed its Motion to Compel Rule 26(a) Disclosures (Doc. 13) on March 20, 2008. According to D. Kan. Rule 6.1(d)(1), a response to a nondispositive motion must be filed within 14 days. This 14 day time period includes the additional three-day period allowed under Fed.

WEATHERS, RILEY
& SHEPPEARD, LLP
PO Box 67209
Topeka, Kansas
66667-0209
(785)273-2020

- 1 -

USD 501 ALMOND-WEEMS RESP TO MOT FOR ENLARGEMENT RE MOT TO COMPEL DISCLOSURES

R. Civ. P. 6(d)[1], regardless of the method of service.  D. Kan. Rule 6.1(d).  Thus, three days are not added to the 14 day response period.  Also, because the response time is 14 days, intermediate weekends and holidays are not excluded when computing the due date.  Fed.R.Civ.P. 6(a)(2).  Thus, Plaintiffs' response was due 14 days after it was filed -- on April 3, 2008, *not* April 7, 2008 as stated by Plaintiffs.  Thus, Plaintiffs' Motion for Enlargement of Time, filed on April 7, 2008, was untimely.

      2.      When a motion for enlargement of time to respond to a motion is filed out of time, "the court may, for good cause, extend the time …if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B) and D. Kan. Rule 6.1(a).  In the Plaintiffs' Motion for Enlargement of Time to respond, they do not admit that their request for additional time was untimely and offer no explanation for the delay and suggest no basis for the Court to determine that they acted in good faith due to excusable neglect in filing the motion out of time.  Neither the Court nor Defendant should be required to speculate as to the explanation for the untimely filing.  However, it may be that Plaintiffs' counsel misread the plain language of the rule requiring the exclusion of intermediate weekends and holidays only when the period for a response is less than 11 days or the rule that three days are not added regardless of the method of service.  While this appears unlikely given the frequency of counsel's appearances in Federal Court (and motions for enlargement of time), were Plaintiffs to assert this as the explanation for the untimely filing it would not be sufficient to establish excusable neglect.  "Inadvertence, ignorance of the rules, or mistakes in construing the rules do not usually constitute 'excusable' neglect."  *U.S. v. Torres*, 372 F.3d 1159, 1163

---

[1] The 2007 amendments to Fed. R. Civ. P. 6 renumbered this rule as Rule 6(d) without any substantive changes, but the district court rules continue to refer to it as Fed. R. Civ. P. 6(e).

**WEATHERS, RILEY & SHEPPEARD, LLP**
PO Box 67209
Topeka, Kansas
66667-0209
(785)273-2020

- 2 -

USD 501 ALMOND-WEEMS RESP TO MOT FOR ENLARGEMENT RE MOT TO COMPEL DISCLOSURES

(10th Cir. 2004); *Thomas v. Board of Education of USD 501*, 177 F.R.D. 488, 489 (D. Kan. 1997). Accordingly, Plaintiffs fail to offer any showing of excusable neglect and simply misreading the plain language of the rule establishing the response time is insufficient to establish excusable neglect. *Jones v. Wichita State University*, 528 F.Supp.2d 1182, 1190 (D. Kan. 2007).

       3.     Even if Plaintiffs' Motion for Enlargement of Time had been filed before the expiration of the response due date, which it was not, the reasons proffered to justify the enlargement are insufficient. Plaintiffs assert that they should be given additional time to respond to Defendant's Motion to Compel their initial disclosures because the press of other cases and personal business has prevented their counsel from giving attention to it. However, as was demonstrated in USD 501's Memorandum in Support of its Motion to Compel Disclosures, the ordinary stresses of personal business and of operating a law office are usually insufficient grounds for denial of an award of costs and attorney's fees on a motion to compel disclosures (Doc. 14, pp. 6-7), and therefore should not be an adequate reason to further postpone submission of the issue to the Court on whether to compel disclosures that are already three months overdue. Moreover, even if Plaintiffs had offered the press of litigation and personal business as an excuse for the untimely motion, these reasons fall short of the excusable neglect required by Rule 6(b). "A lawyer's busy workload is entitled to very little weight under [Rule 6(b)(1)(B)][2]." *Wilkerson v. Jones*, 211 F.Supp.2d 856, 859 (E.D. Mich. 2002), *citing Stringfellow v. Brown*, 105 F.3d 670, 1997

---

[2] The *Wilkerson* court here cites "Rule 6(b)(2)." However, the 2007 amendments to Rule 6 moved the contents of former Rule 6(b)(2) into Rule 6(b)(1)(B).

**WEATHERS, RILEY & SHEPPEARD, LLP**
PO Box 67209
Topeka, Kansas
66667-0209
(785)273-2020

- 3 -

USD 501 ALMOND-WEEMS RESP TO MOT FOR ENLARGEMENT RE MOT TO COMPEL DISCLOSURES

WL 8856 at *2 (10th Cir. 1997) (reasoning that a busy workload does not establish excusable neglect).

4. Plaintiffs correctly state that USD 501 objects to the requested enlargement of time, for the reasons stated below.

5. Plaintiffs assert that the requested enlargement will in no way prejudice "this matter." This is incorrect. Plaintiffs request that the Court give them until April 22, 2008, in which to respond to USD 501's motion to compel their disclosures—placing both the Court's determination of that motion and the date on which the disclosures themselves are actually made some time after that. However, USD 501 has noticed Plaintiffs for depositions on April 23 and 24 (Doc. 12), one and two days after their response to the motion to compel would be due. Thus, Plaintiffs wish to delay the service of their initial disclosures—which were due in January—until sometime after their depositions, thereby depriving Defendant of the opportunity to depose them on any matters raised by the initial disclosures. (USD 501 has itself already made timely initial *and* supplemental disclosures—see Docs. 8, 16 and 19). Moreover, according to the scheduling order in this case, the discovery cutoff in this case is May 16, 2008—that is, any discovery must be "commenced or served in time to be *completed* by May 16, 2008" (Doc. 5). If Plaintiffs' initial disclosures are not to be made until sometime after April 22, it will be impossible for USD 501 to propound any additional written discovery based upon those initial disclosures in time to be completed by May 16, as required by the scheduling order. Thus, if Plaintiffs' motion for enlargement is granted, USD 501 will be prejudiced by being denied the opportunity to conduct any discovery regarding any new matter that Plaintiffs may first bring forward in their untimely initial disclosures. The danger of prejudice to the opposing

WEATHERS, RILEY
& SHEPPEARD, LLP
PO Box 67209
Topeka, Kansas
66667-0209
(785)273-2020

- 4 -

USD 501 ALMOND-WEEMS RESP TO MOT FOR ENLARGEMENT RE MOT TO COMPEL DISCLOSURES

party is an important factor to be considered in determining whether neglect is "excusable." *Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, 487 F.Supp.2d 1225, 1234-1235 (D. Kan. 2007).

6. As was set forth more fully in USD 501's Memorandum in Support of its Motion to Compel Plaintiffs' Initial Disclosures (Doc. 14, pp. 2-3) and the certificate of compliance with D. Kan. Rule 37.2 attached thereto (Doc. 14-2), Plaintiffs' present motion for an enlargement of time is a part of a consistent pattern of delay.  This pattern started in January, when the initial disclosures were due, and extended through a number of telephone conversations between the undersigned counsel for Defendant or members of her staff and Plaintiffs' counsel.  During three of these telephone conversations, Plaintiffs' counsel made empty promises that he would soon serve his disclosures.  USD 501 filed its motion to compel only after all of these promises went unfulfilled.  In deciding whether a delay is caused by excusable neglect, "a court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of dilatoriness or delay)." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005).

For the foregoing reasons, Defendant USD 501 respectfully requests the Court to deny Plaintiffs' requested enlargement of time to respond to the motion to compel, to deem its motion to compel (Doc. 13) uncontested pursuant to D. Kan. Rule 7.4, and proceed to enter an order compelling Plaintiffs to make their initial disclosures and setting a hearing to consider the award of reasonable costs, attorney fees and sanctions requested in USD 501's motion to compel.

**WEATHERS, RILEY
& SHEPPEARD, LLP**
PO Box 67209
Topeka, Kansas
66667-0209
(785)273-2020

WEATHERS, RILEY
& SHEPPEARD, LLP
PO Box 67209
Topeka, Kansas
66667-0209
(785)273-2020

        Submitted by:

/s/ Patricia E. Riley
Patricia E. Riley – KS SC #09506
WEATHERS, RILEY & SHEPPEARD, LLP
4848 SW 21st Street, Suite 202
PO Box 67209
Topeka, Kansas 66667-0209
(785) 273-2020 Telephone
(785) 273-4662 Telefax
E-Mail:  patty@wrslaw.net
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2008, I electronically filed the foregoing by using the CM/ECF system which will send a notice of electronic filing to the following:

Pantaleon Florez, Jr.
933 S. Kansas Avenue
Topeka, KS  66612-1210.
Attorney for Plaintiffs

/s/ Patricia E. Riley
Patricia E. Riley
WEATHERS, RILEY & SHEPPEARD, LLP

- 6 -

USD 501 ALMOND-WEEMS RESP TO MOT FOR ENLARGEMENT RE MOT TO COMPEL DISCLOSURES