IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DWIGHT L. ALMOND, III and | ) | |
| KEVIN C. WEEMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-4064-JAR |
| | ) | |
| UNIFIED SCHOOL DISTRICT #501, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter comes before the court upon Defendant's Motion to Compel Rule 26(a)(1) Initial Disclosures (Doc. 13). Plaintiffs have filed a Motion for Enlargement of Time (Doc. 17) to respond to defendant's Motion to Compel. Defendant has responded to this requested extension (Doc. 22). Also before the court is plaintiffs' Motion for Enlargement of Time (Doc. 18) requesting a thirty day extension within which to respond to defendant's discovery requests. Defendant has also filed a timely response to this requested extension (Doc. 23). The court finds further briefing on these issues unnecessary and is prepared to rule.

I.      **Procedural History.**

Plaintiffs Almond and Weems filed this action in the United States District Court for the District of Kansas on May 23, 2007.[1] In their Complaint, plaintiffs allege they were discriminated against by defendant because of their age. On December 13, 2007, the court entered a Scheduling Order[2] which provided initial disclosures pursuant to Rule 26(a)(1) were to

---

[1] Plaintiffs' Complaint (Doc. 1).

[2] Doc. 5.

be provided by January 2, 2008.  Supplementation of disclosures was to be provided by April 7,

2008.  To date, plaintiffs have failed to provide any discovery in this case.  While defendant

provided initial disclosures on January 8, 2008, pursuant to the parties' mutual agreement,

plaintiffs have yet to provide defendant with any of the disclosure information required under

Rule 26(a)(1).  Defendant also provided supplemental disclosures pursuant to Rule 26(e) on

April 7, 2008, as required under the Scheduling Order.  Defense counsel states in her motion that

plaintiffs' counsel was contacted numerous times between January and mid-March to inquire

about the status of the initial disclosures.  Each time plaintiffs' counsel stated the initial

disclosures would be served in the near future, but none were ever made.  Plaintiffs' depositions

are currently scheduled for April 23 and 24.  Discovery is to be completed in this case by May

16, 2008.

**II.      Defendant's Motion to Compel (Doc. 13).**

Defendant's Motion to Compel seeks an order compelling plaintiffs to provide initial

dislcosures, awarding reasonable expenses including attorney's fees incurred in compelling

plaintiffs disclosures and sanctions that are appropriate to prevent plaintiffs from deriving an

advantage from their prolonged failure to make required disclosures.

As discussed below in further detail, plaintiffs filed an untimely Motion for Enlargement

of Time to respond to defendant's Motion to Compel.  Because plaintiffs' counsel has failed to

demonstrate any excusable neglect in filing the requested extension out of time, the court shall

deny plaintiffs' Motion for Enlargement of Time (Doc. 17) and treat defendant's Motion to

Compel as uncontested.  Pursuant to D. Kan. Rule 7.4, uncontested motions are generally

granted without further notice.

As an initial matter, the court considers whether defendant has satisfied the good faith certification requirement. Fed. R. Civ. P. 37(a)(2)(B) requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."[3] Thus, "[b]efore filing a motion, the movant must make reasonable efforts to confer."[4] "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[5] "It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[6] "When a party certifies compliance with conference requirements, whether by a separate document or within the motion and supporting memoranda, it should set forth with particularity the steps taken to resolve the dispute."[7]

The court finds that the parties have adequately conferred. The court notes that defendant has submitted a Certificate of Compliance with Rule 37(a)(1)[8] which details the efforts made by defense counsel and her staff to secure initial disclosures from plaintiffs without court intervention. Plaintiffs' counsel was contacted numerous times between January and mid-March regarding the overdue initial disclosures. He was also forewarned that defense counsel would

---

[3] Fed. R. Civ. P. 37(a)(2)(B). *See also* D. Kan. R. 37.2 (stating that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute").

[4] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 458 (D. Kan. 1999).

[5] D. Kan. R. 37.2.

[6] *Id.*

[7] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ.A. 98-2183, 1999 U.S. Dist. LEXIS 8908 (D. Kan. June 8, 1999).

[8] Defendant's Motion to Compel Rule 26(a)(1) Initial Disclosures (Doc. 13) at Ex. 1.

file the instant motion should the initial disclosures not be provided by March 15, 2008.

### A.   Compelling Initial Disclosures.

Fed. R. Civ. P 26(a)(1) provides a party must, without awaiting a discovery request, provide to the other parties certain categories of information relating to the witnesses and documents that support their case and relate to their damages.  The Scheduling Order in this case provided that initial disclosures pursuant to Rule 26(a)(1) were to be provided by January 2, 2008.  To date, plaintiffs have yet to serve initial disclosures.  Therefore, they are currently more than three months overdue.

Fed. R. Civ. P. 37(a)(1) provides any party may "move for an order compelling disclosures or discovery."  More specifically, Fed. R. Civ. P. 37(a)(3)(A) provides that "if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

The court notes that this case has been on file for nearly eleven months.  Moreover, the parties were to have provided initial disclosures by January 2, 2008.  Plaintiffs have not provided the information required under Rule 26(a)(1).  Their only action was to file an untimely motion for enlargement of time to respond to the motion to compel.  Under the facts, the court is satisfied that the information at issue is properly discoverable and should be provided to defendant.  The court further finds that plaintiffs have offered no substantial justification for their failure to provide timely initial disclosures.  The court notes that the delays caused by plaintiffs and their counsel are not justified and should be remedied.  Therefore, plaintiffs shall serve upon defendant no later than **noon, April 21, 2008**, the information required by Rule 26(a)(1).

**B.      Award of Attorney's Fees and Expenses.**

Defendant, in addition to seeking plaintiffs' initial disclosures, moves for an award of its

reasonable expenses including attorney's fees incurred in compelling plaintiffs' disclosures.

Fed. R. Civ. P. 37 specifically allows for the award of reasonable expenses, including attorney's

fees, caused by a party's failure to make initial disclosures.  Specifically, Rule 37(c)(1) provides:

> A party that without substantial justification fails to disclosure information
> required by Rule 26(a) or 26(e)(1)...is not, unless such failure is harmless,
> permitted to use as evidence at a trial, at a hearing, or on a motion any
> witness or information not so disclosed.  In addition to or in lieu of this
> sanction, the court, on motion and after affording an opportunity to be
> heard, may impose other appropriate sanctions.  In addition to requiring
> payment of reasonable expenses, including attorney's fees, caused by the
> failure, these sanctions may include any of the actions authorized under
> Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the
> failure to make the disclosure.

The Scheduling Order in this case is clear that all Rule 26(a)(1) disclosures were to be

provided by January 2, 2008.  To date, plaintiffs have failed to provide their initial disclosures to

defendant.  The court notes that this failure alone constitutes grounds for sanctions pursuant to

Rule 37(c)(1).  However, plaintiffs additionally failed to respond to defendant's Motion to

Compel in a timely manner or account for their failure to provide initial disclosures.  Thus,

defendant's motion is considered as uncontested by the court.  Finally, the court notes that

plaintiffs' counsel had exhibited a pattern of delay regarding the initial disclosures.  He

repeatedly made promises that the disclosures would be forthcoming when they obviously were

not.  He also filed the untimely motion for enlargement of time to respond the instant motion and

filed another motion for enlargement of time to respond to defendant's discovery requests.

Therefore, the court finds that plaintiffs have not only failed to disclose information

required by Rule 26(a) but have also failed to provide any substantial justification for this

failure.   With this in mind, the court finds that sanctions may be appropriate in this case.

Specifically, the court finds that an award of reasonable attorney fees may be appropriate under

the circumstances.   Therefore, the court will require defendant to submit a verified accounting of

its reasonable fees and expenses associated with the filing of the instant motion.   Additionally,

the court shall require plaintiff to Show Cause to the court why plaintiffs should not be taxed

with defendant's reasonable attorneys' fees and expenses in filing the instant Motion to Compel

as a sanction for plaintiffs' failure to provide the required discovery.

> **C.    Discovery Sanctions.**

Defendant further requests an order pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) limiting

plaintiffs to supporting their claims with only the witnesses and documents they have disclosed

as required by Rule 26(a) and warning that any further failure to comply with the disclosure

requirements will likely lead to dismissal of their case pursuant to Rule 37(b)(2)(A)(v).

Fed. R. Civ. P. 37(b)(2)(A)(ii) provides that if a party fails to obey an order to provide

discovery, including an order under Rule 26(f), the court may prohibit the disobedient party from

supporting or opposing designated claims or from introducing designated matters into evidence.

The court finds that any discovery sanction limiting the admissibility of evidence would

be severe at this time.   While plaintiffs have been dilatory in their production of initial

disclosures, any prejudice can be cured by amending the scheduling order to extend discovery.

Should defendant find it necessary to conduct follow-up discovery it should move for an

extension of discovery beyond that which is already granted in this order, as discussed below.

As a final matter regarding sanctions, the court notes that an attorney's failure to comply

with the court's rules, deadlines, and orders in a case frustrates the court's goal of an orderly and

efficient resolution of the matter, potentially prejudices any or all parties to the litigation, and falls far short of the mark of diligent advocacy by potentially putting the interests of the attorney's own client at risk.  These possible negative consequences should provide an attorney with adequate incentives to diligently comply with the rules of procedure, deadlines established, and orders issued in a case even without the possibility of sanctions.  However, should these incentives alone prove insufficient, plaintiffs' counsel should be mindful of the strong probability of serious sanctions for any repetition of this behavior in the future.  The court strongly urges plaintiffs' counsel to heed this warning and admonition as it will not be inclined to provide any additional warning before imposing whatever sanction it deems appropriate to address any such repetition.

### III.   Plaintiffs' Motion for Enlargement of Time (Doc. 17).

Defendant filed its Motion to Compel on March 20, 2008.  Pursuant to D. Kan. Rule 6.1(d)(1), responses to nondispositive motions must be filed within 14 days.  Included in this 14 day time period is the three-day period allowed under Fed. R. Civ. P. 6(d), regardless of the method of service.  Also, because the response time is 14 days, intervening weekends and holidays are not excluded when computing the due date.[9]  Therefore, plaintiffs' response was due April 3, 2008.  Plaintiffs filed their Motion for Enlargement of Time to respond to defendant's Motion to Compel on April 7, 2008.  Therefore, plaintiffs' request was out of time.

When a motion for enlargement of time to respond to a motion is filed out of time, "the court may, for good cause, extend the time . . . if the party failed to act because of excusable

---

[9] Fed. R. Civ. P. 6(a)(2).

neglect."[10]  "Inadvertence, ignorance of the rules, or mistakes in construing the rules do not usually constitute 'excusable' neglect."[11]  Moreover, a lawyer's busy workload does not establish excusable neglect.[12]

Plaintiffs' counsel asserts that the response was not due until April 7, 2008, the same date when the Motion for Enlargement of Time was filed.  Plaintiffs' counsel gives no explanation for the computation of this response date.  As discussed above, plaintiffs' response was actually due April 3, 2008.  Also, plaintiffs' counsel's only explanation for not timely responding to the Motion to Compel is that he has been busy with the press of other litigation.  The court finds that neither counsel's mistake regarding the response deadline nor the press of other business constitutes excusable neglect as required under Rule 6(b).  Moreover, the court finds that defendant would be prejudiced by allowing plaintiffs' requested extension.  The initial disclosures in dispute were due January 2, 2008, and are currently more than three months overdue.  Therefore, the court holds that plaintiffs' Motion for Enlargement of Time should be denied.

## IV.    Plaintiff's Motion for Enlargement of Time (Doc. 18).

Plaintiffs have filed a second Motion for Enlargement of Time requesting an additional thirty days within which to respond to defendants Interrogatories, Requests for Admissions and Requests for Production.  The responses were originally due by April 9, 2008, the date of second Motion for Enlargement of Time. Plaintiffs' counsel states that he timely submitted the request

---

[10] D. Kan. Rule 6.1(a)

[11] *U.S. v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

[12] *Stringfellow v. Brown*, 1997 WL 8856 at *2 (10th Cir. 1997).

to each plaintiff for response, but their answers were deficient and additional time is required to provide complete and responsive answers and materials. Plaintiffs' counsel adds that he has been occupied by numerous court hearings limiting his availability to plaintiffs who are both employed full time by defendant.

Defendants filed a timely response opposing the requested enlargement of time. Defendant states that any extension of time would prejudice defendant's ability to adequately prepare for plaintiffs' depositions currently scheduled for April 23 and 24, 2008. Additionally, defendant states that if plaintiffs' request were granted their responses would be due May 9, 2008, when discovery is set to close May 16, 2008. Thus, defendant contends any extension would effectively prevent it from using the plaintiffs' discovery responses to both examine plaintiffs at their depositions and conducting any follow-up written discovery, which would prejudice defendant in the preparation of its defenses to plaintiffs' claims. Defendant further notes that because plaintiffs have failed to serve any initial disclosures, it was required to include in its Interrogatories and Requests for Production questions seeking the identification of witnesses and documents that should have been included in plaintiff's initial disclosures. So, defendant contends that plaintiffs should not be given additional time to answer discovery which should have been provided by January 2, 2008.

The court finds that plaintiffs' motion should be granted in part and denied in part. While plaintiffs filed a timely Motion for Enlargement of Time in the instant case, the thirty day request would unduly prejudice defendant who has yet to receive any initial disclosures or discovery responses in this action. Defendant should be given adequate opportunity to review plaintiffs' answers to written discovery before it deposes each individual plaintiff. Defendant

9

should also be afforded the opportunity to propound additional discovery should it be deemed necessary.  If the court were to grant plaintiffs' request neither opportunity would be available to defendant.   Therefore, the court holds that plaintiffs shall serve full and complete answers to defendant's Interrogatories, Requests for Admission and Requests for Production of Documents by **noon on April 21, 2008.**  The court further finds it necessary to extend the discovery deadline two weeks, or until May 30, 2008.  This extension will allow additional discovery to occur, should either party find it necessary.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Rule 26(a)(1) Initial Disclosures (Doc. 13) is hereby granted.  Plaintiffs shall serve by noon on April 21, 2008 the information required by Fed. R. Civ. P. 26(a)(1).

**IT IS FURTHER ORDERED** that counsel for defendant shall provide an accounting of the fees and expenses incurred in filing its Motion to Compel by April 30, 2008.

**IT IS FURTHER ORDERED** that plaintiff's counsel shall show cause by April 30, 2008 why sanctions should not be enforced against plaintiffs.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Enlargement of Time (Doc. 17) is hereby denied.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Enlargement of Time (Doc. 18) is hereby granted in part and denied in part.  Plaintiffs shall serve by noon on April 21, 2008, full and complete answers to defendant's Interrogatories, Requests for Admission and Requests for Production of Documents.

**IT IS FURTHER ORDERED** that discovery shall be extended up to and including May

30, 2008.

**IT IS SO ORDERED.**

Dated this <u>16th</u> day of April, 2008, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge

11