hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DWIGHT L. ALMOND, III and ) <br> KEVIN C. WEEMS, ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNIFIED SCHOOL DISTRICT #501, ) <br>     Defendant. ) <br> _____) | Case No. 07-4064-JAR |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiffs Dwight L. Almond's and Kevin C. Weems' Motion to Vacate Order Granting Summary Judgment and Judgment Entered (Doc. 61). Plaintiffs move the Court, pursuant to Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure, to vacate its order and judgment in light of recent legislation passed by the United States Congress that overturned case law upon which this Court's ruling relied. Defendant has responded (Doc. 62), and asks the Court to both vacate and reconsider the unresolved issues raised by the parties in their summary judgment briefs.

Under Rule 60(b), upon motion of a party and upon just terms, the Court may relieve a party from a final judgment because the judgment was based on an earlier judgment that has been reversed or vacated, or for any other reason that justifies relief.[1] A Rule 60(b) motion must be made within a year after entry of the judgment or order.[2] Here, the Court granted defendant's motion to dismiss on December 1, 2008. Plaintiff filed a motion to vacate on November 9, 2009, within one year of the Court's order, as required by Rule 60. Defendant does not oppose the

---

[1] Fed. R. Civ. P. 60(b)(5)–(6).

[2] *Id.* at (c)(1).

motion to vacate, but asks the Court to reconsider the arguments raised by the parties in their summary judgment briefs, issues which the Court did not address in its original order.

After the case was dismissed, but while it was pending on appeal to the United States Court of Appeals for the Tenth Circuit, the United States Congress passed the Lilly Ledbetter Fair Pay Act of 2009, legislatively overruling the United States Supreme Court decision in *Ledbetter v. Goodyear Time & Rubber Co.*,[3] upon which this Court relied in dismissing the original action.[4] In light of new law, the parties voluntarily dismissed their appeal, and the Tenth Circuit entered an order permitting the parties to voluntarily dismiss the appeal upon the condition that this Court vacate and reconsider its judgment.[5]

Because the law upon which this Court relied has changed since the Court's original order dismissing this action, and because the new law is effective retroactively,[6] the Court finds it appropriate to vacate its original order dismissing this case. Furthermore, the Court will reconsider the parties' summary judgment briefs, including the alternative arguments presented by the parties on defendant's motion for summary judgment.

**IT IS THEREFORE ORDERED** that this Court's Order, dated December 1, 2008, in the above-captioned matter (Doc. 52), and judgment entered (Doc. 53), are hereby **VACATED**. The Court will reconsider the parties' summary judgment arguments after a short status conference with the parties to resolve any remaining issues.

---

[3] 550 U.S. 618 (2007).

[4] (Doc. 52.)

[5] (Doc. 60.)

[6] The Lilly Ledbetter Fair Pay Act of 2009 takes effect as if enacted on May 28, 2007, one day before the United States Supreme Court issued its decision in *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618 (2007) (decided May 29, 2007). *See Tomlinson v. El Paso Corp.*, Case No. 04-cv-02686-WDM-MEH, 2009 WL 2766718, at *2 (D. Colo. Aug. 28, 2009).

**IT IS SO ORDERED.**

Dated:  December 10, 2009

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE